:be liable for any aggravated interest on the debt, nor for the debt itself, unless it was lost by the delay, nor for the fees paid to the counsel for conducting the suit.

"But the bond in the case before us, is not one to pay the damages which the opposing party should sustain by reason of the injunction, but it is to pay the damages that might be recovered against them; obviously referring, we think, to the practice in Louisiana above mentioned. A court proceeding according to the rules of equity cannot give a judgment against the obligors in an injunction bond when it dissolves the injunction. It merely orders the dissolution, leaving the obligee to proceed at law against the sureties, if he sustains damage from the delay occasioned by the injunction. This was done by the circuit court in the former suit between the parties. No judgment was or could be given against the obligors for debt or damages, and none were recovered against them previously to the institution of this suit. The contingency on which they agreed to pay has not, therefore, happened, and the condition of the bond is not broken, and consequently no action can be maintained upon it."

Now, the condition of this bond is: "If the above bounden, Charles W. Lea and James D. Perrins, their executors and administrators, and any of them, shall well and truly pay, or cause to be paid to the said Frank Deakin, or his assigns, all damages and costs that shall be awarded against said Lea and Perrins, complainants, and in favor of said defendant, Frank Deakin, upon the trial or final hearing of the said cause, or upon the dissolution of said injunction by reason of the wrongful or improper issuance of the same, then the above obligation to be void, otherwise to be and remain in full force and effect." In the opinion which I gave before, I cited several cases decided by the supreme court of this state, in which it had been held that an action could be maintained on a bond of this kind, and the damages assessed in a suit on the bond, before the act was passed authorizing a court of equity to assess damages on the dissolution of an injunction. After that act was passed the supreme court of this state, held that the damages must be assessed by the court on dissolving the injunction in order to entitle the party to maintain a suit, but afterwards, in the Revised Statutes of 1874, the law was changed and there was a proviso declaring, in substance, that the fact that no damages were assessed by the court dissolving the injunction should not preclude a party from maintaining a suit upon the bond; and since that condition was annexed to the statute the appellate court has held that a suit was now maintainable on the bond with a condition such as is contained here, notwithstanding the court which dissolved the injunction did not assess any damages. That being the state of the law in Illinois, if it were not for the case of Bein v. Heath [supra], I should be inclined to sustain an action upon this bond, notwithstanding the condition; but I do not see very well how I can do so, and it strikes me it will always be an insuperable obstacle in the way of a suit upon this bond, and that it will make no difference whether the decision is made here or in the state courts, for this decision of the supreme court of the United States, will control the one as well as the other, and the state court would have to follow it as we have. I think, upon its authority, I must sustain the demurrer to the declaration. In the language of the supreme court in that case, which in principle is precisely like this, "the contingency on which they agreed to pay has not, therefore, happened, and the condition of the bond is not broken, and consequently no action can be maintained upon it."

It was a bond given under the authority of the federal court just as this bond was given. In that case the condition of the bond was prescribed by the court, but it was not followed. In this case the condition of the bond was not prescribed, but the court required that a bond in the penalty of $5,000 should be given, and the bond was given with the amount named. If this decision is to stand, then it seems to me it will be in the way always of a recovery upon this bond.

The demurrer of Crerar will be sustained.

Consult preceding case of Deakin v. Lea [Case No. 3,695], and succeeding case of Lea v. Deakin [13 Fed. 514].

---

DEAKIN (LEA v.). See Case No. 8,154.

---

## Case No. 3,696a.

### DEAKIN v. STANTON.

Circuit Court, N. D. Illinois. Nov. Term, 1879.

[See 3 Fed. 435.]

---

## Case No. 3,697.

### DEAKINS v. LEE.

[1 Cranch, C. C. 442.][1]

Circuit Court, District of Columbia. July Term, 1807.

#### PRACTICE AND PLEADING.

The court will permit the defendant to withdraw the general issue and file a general demurrer.

[This was an action by Deakins v. Lee, special bail for McCarty Fitzhugh.]

E. J. Lee prayed leave to withdraw the plea of nul tiel record, and to demur generally. Granted, and judgment on the demurrer in favor of the plaintiff.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]